UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BETTYE L. JACKSON,<br><br>    Plaintiff,<br><br>  v.<br><br>MICHAEL CHERTOFF,<br>Secretary, Department of Homeland Security,<br><br>    Defendant. | )<br>)<br>)<br>)  Civil Action No.: 05-1780 (RMC)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**MOTION TO DISMISS & SUPPORTING MEMORANDUM**

Defendant, Michael Chertoff, Secretary of Homeland Security, respectfully moves to dismiss this case pursuant to Rules 12(b)(1) and (5) and Rule 41(b). Plaintiffs have failed to perfect service of process, despite ample warning via *sua sponte* Order of this Court. Furthermore, Plaintiff's claims of employment discrimination against the federal government cannot lie under 42 U.S.C. § 1981 because the federal government has not waived its sovereign immunity pursuant to that statute and therefore Count III of the complaint must be dismissed for lack of jurisdiction.

**Background**

Plaintiff, an African American female working for the United States Secret Service ("USSS"), alleges employment discrimination on the basis of her race, gender and age, as well as a hostile work environment, in violation of 42 U.S.C. § 2000e-16 and 42 U.S.C. § 1981.

Through counsel, Plaintiff filed the instant complaint on September 7, 2005. Plaintiff's counsel included on the first page of the complaint a notation: "Serve On: . . . W. Ralph Basham, Director, U.S. Secret Service." On the day the complaint was filed, the Clerk of the Court issued

three summonses, for (1) Michael Chertoff, (2) the U.S. Attorney, and (3) the Attorney General, in accordance with the service requirements of Rule 4(i). Under Rule 4(m), Plaintiff had 120 days to effect service on USSS according to the procedures of Rule 4(i), but as of April 12, 2006 (more than three months past the 120-day deadline), Plaintiff had not served USSS or the United States.

Accordingly, the District Court *sua sponte* ordered Plaintiff to effect service and accorded Plaintiff nearly another month to do so, i.e. until May 10, 2006. See Order (Apr. 12, 2006), docket entry no. [3], attached as Ex. 1. Specifically, the Court ordered Plaintiff, by May 10, 2006, to file with the Court either proof of service on Defendant or "a written explanation for why service of process has not been completed." Id. The Order further provided: "If Plaintiff fails to comply with this Order, or if the Court determines that plaintiff has not shown good cause for failure to comply with Rule 4(m), this case will be dismissed without prejudice." Id.

On May 10, 2006, Plaintiff served the U.S. Attorney's Office and the Attorney General with copies of the complaint and respective summonses. See docket entry nos. [4], [5], and [6]. To date, however, Plaintiff has still not served USSS, see Ex. 2, Decl. of Liza Murphy, nor has Plaintiff filed with the Court any explanation for her failure to serve USSS.

**Argument**

## I.    Insufficient Service.

Rule 4(m) requires Plaintiff to effect service of the summons and complaint within 120 days. Failing that, the Court may order dismissal or grant Plaintiff more time to effect service, but this Court generally requires a plaintiff to "show[] good cause for the failure" to serve in a timely manner in order to justify any additional time for service. See, e.g., Shelton v. England,

No. 04-1292 (RBW), 2005 WL 3273554 *2 (Aug. 3, 2005); TIG Ins. Co. v. 2200 M Street, LLC, 216 F.R.D. 2, 3 (D.D.C. 2003).

While Rule 4(m) sets the deadline for effecting service, Rule 4(i) proscribes *how* to effect service on federal agencies, like USSS, and Rule 4(i) plainly requires service upon: (1) the U.S. Attorney's Office, (2) the Attorney General, and (3) the federal agency (or official) sued. See Fed. R. Civ. P. 4(i)(1) & (2)(A). Failure to serve the federal agency may result in dismissal, even where plaintiff appears *pro se*. See Gardner v. United States, No. 02-1088 (HHK), 2003 U.S. Dist. LEXIS 11583 (June 3, 2003) (dismissing for failure to serve agency, where *pro se* plaintiff had served Attorney General and U.S. Attorney's Office); Briggs v. State Dep't Fed. Credit Union, No. 05-1344 (GK), 2006 WL 1444009 (May 25, 2006).

Here, Plaintiff has failed to serve USSS. See Ex. Murphy Decl. Nor has Plaintiff explained this failure. Indeed, the record is devoid of any explanation of good cause for either the initial failure to serve within 120 days or the subsequent failure to comply with the Court's Order setting a deadline of May 10, 2006. The latter failure occurred despite Plaintiff being both represented by counsel and warned by the *sua sponte* Order.

"Good cause" does not include simply not knowing the rules. See Shaw v. District of Columbia, No. 05-1284 (CKK), 2006 WL 1371681 (May 15, 2006) ("However, inadvertence or negligence on the part of plaintiff's attorney and the attorney's clerical employees does not constitute good cause, nor does a defendant's actual notice of the complaint or a lack of prejudice to defendant constitute good cause."); accord Gardner (involving *pro se* plaintiff); Byrd v. District of Columbia, 230 F.R.D. 56, 59 (D.D.C. 2005) (Friedman, J.). Even if ignorance of the rule were an excuse, here Plaintiff has two attorneys representing her, and both appear

sufficiently experienced in federal court litigation to be familiar with Rule 4.[1]

Admittedly, it is true that Rule 4(i)(3) provides that the Court shall allow a reasonable time for plaintiff to cure a defect in service based on Rule 4(i) if plaintiff has served the U.S. Attorney's Office or the Attorney General. Here, although Plaintiff has served the U.S. Attorney's Office and the Attorney General, the Court has already accorded Plaintiff extra time, totaling over four months beyond the 120-day deadline, and the Court did so generously by not requiring a showing of good cause first.

In light of the facts that: (1) the Court warned Plaintiff's counsel, (2) counsel appear experienced in federal court litigation, (3) the Clerk of the Court properly issued three summons, including one to the agency, and (4) the complaint itself shows that Plaintiff's counsel were aware of the need to serve the USSS, there does not appear any reason to excuse Plaintiff's failure to serve USSS. Accordingly, Defendant respectfully requests dismissal pursuant to Rule 41(b) for failure to comply the Court's Order of April 12, 2006.

## II.    Section 1981 Does Not Apply to Federal Government.

Plaintiff cannot pursue a claim under 42 U.S.C. § 1981 against USSS because the United States has not waived its sovereign immunity to be sued under that statute. See Hohri v. United States, 782 F.2d 227, 245 (D.C. Cir. 1986) (sections 1981, 1983, 1985 and 1986 "by their terms, do not apply to actions against the United States"), rev'd on other grounds, 482 U.S. 64 (1987); see also Brown v. United States, 271 F. Supp. 2d 225, 229 (D.D.C. 2003), sum. aff'd, No. 03-

---

[1] According to PACER, Plaintiff's counsel Mr. Gebhardt has appeared in dozens of cases in this Court. In addition, Plaintiff's other counsel, Mr. Nelson, appears *pro hac vice* here but has appeared in this Court twice before *pro hac vice* and was admitted to the U.S. District Court for the District of Maryland in 1993. See Plf. Mot. Admiss. *Pro Hac Vice*, docket entry no. [2].

4

5245, 2004 WL 344411 (D.C. Cir. Feb. 20, 2004); <u>Graves v. United States</u>, 961 F. Supp. 314, 322 (D.D.C. 1997).  Therefore, regardless of the disposition of the motion to dismiss based on the service argument above, USSS is entitled to have Count III of the complaint dismissed for lack of subject matter jurisdiction.

**Conclusion**

Although failure to serve the agency is ultimately excused in many cases, it should not be tolerated as a matter of course, especially where experienced counsel offer no explanation for their failure, despite warning by the Court.  It also bears noting that the complaint contains such an obviously meritless claim (Count III) that Defendant is essentially obligated to move for dismissal under Rule 12 anyway.  A proposed order is attached.

July 10, 2006                                  Respectfully submitted,

_____
KENNETH L. WAINSTEIN, D.C. Bar # 451058
United States Attorney

_____/s/_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

_____/s/_____
ALAN BURCH, D.C. Bar # 470655
Assistant United States Attorney
555 4th St., N.W.
Washington, D.C. 20530
(202) 514-7204
alan.burch@usdoj.gov