UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BETTYE L. JACKSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 05-01780 (RMC) |
| | ) |
| MICHAEL CHERTOFF, Secretary | ) |
| Dep't. of Homeland Security | ) |
| U.S. Secret Service, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

Plaintiff Bettye L. Jackson, by and through undersigned counsel, hereby opposes Defendant's Motion to Dismiss, and in support of her Opposition, states as follows:

**BACKGROUND**

All parties and counsel to this action have been served with the Summons and Complaint. The U.S. Attorney for the District of Columbia and the Attorney General were both served on May 10, 2006, in compliance with the Court's Order of April 12, 2006. See Decl. of Adrian V. Nelson, II, Proof of Service (May 10, 2006) [Docket No. 4]. Defendant Michael Chertoff, Secretary of the U.S. Department of Homeland Security, was served on July 20, 2006. See Decl. of Lawrence Charles Rudden, Proof of Service (July 20, 2006) [Docket No. 9].[1]

---

[1] Pursuant to 6 C.F.R. § 5.42, the DHS Office of the General Counsel is the entity authorized to accept service on behalf of

**ARGUMENT**

Counsel apologize to the Court for their delay in completing the service required by the Court's Order and the Rule 4(i), but believe that this regrettable neglect does not rise to the level of requiring dismissal of the case. While a court may dismiss an action under Rule 41(b) "for failure of the plaintiff to prosecute or to comply with . . . any order of court," the D.C. Circuit has made it clear that "under certain circumstances, dismissal may be an unduly severe sanction . . . ." Gardner v. United States, 211 F.3d 1305, 1308 (D.C. Cir. 2000) (citing Bristol Petroleum Corp. v. Harris, 284 U.S. App. D.C. 59, 901 F.2d 165, 167 (D.C. Cir. 1990)). In this case, dismissal would be too severe a sanction for a delay in full compliance with the Court's Order. "A District Court may dismiss under Rule 41(b) 'only after less dire alternatives have been explored without success.'" Id. at 1308 (quoting Trakas v. Quality Brands, Inc., 759 F.2d 185, 187 (D.C. Cir. 1985)).

Even the Defendant concedes that "failure to serve [an] agency is ultimately excused in many cases . . . ." See Def's Mot. to Dismiss at 5. The factors a court should consider

---

Defendant Chertoff.

before exercising its discretion to dismiss a case for failure to effect proper service include: (1) whether the defendant shows any actual harm on the merits of the suit caused by the delay in service; (2) whether it is likely that the defendant received actual notice of the suit within a short time after the attempted service; and (3) whether dismissal without prejudice will effectively equal dismissal with prejudice because the statute of limitations has run after the filing of the suit. Johnson v. Ashcroft, et al., 2005 U.S. Dist. LEXIS 17961 *11 (D.D.C., Aug. 17, 2005).  The court's task is to balance the hardships that the plaintiff and the defendant face. Id.

I.   **The Facts of this Case Do Not Justify a Dismissal for Plaintiff's Belated Completion of Service.**

The inadvertent delay in strictly complying with the Court's April 12, 2006 Order should be forgiven.  Counsel attempted to comply with the Order requiring service by May 10, 2006, and properly served the U.S. Attorney and the Attorney General, who are responsible for defending against this suit. Counsel's delay in serving Defendant's third entity, the DHS Office of the General Counsel, until July 20, 2006 was the result of a regrettable oversight, not a conscious or willful noncompliance with the Court's Order.  Also, the Defendant has not shown that

it has suffered any harm from this delay, particularly since it had notice of the Complaint on May 10, 2006, and was able to promptly assign an Assistant U.S. Attorney to the case.[2]

Defendant has not alleged, nor does the record show, any actual harm resulting from the delay in serving one of Defendant's three entities. See Fed. R. Civ. P. 4(i). Defendant also received actual notice of the suit within a short time after the May 10, 2006 service on the U.S. Attorney and Attorney General.[3]  Shortly thereafter, the Assistant U.S. Attorney entered his appearance in this case on May 16, 2006.  Later, upon learning of the oversight, Plaintiff worked quickly to serve the Summons and Complaint on Defendant's third entity.

A dismissal of Plaintiff's Complaint will effectively equal a dismissal with prejudice because the statute of limitations on her claims under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., has run after the filing of

---

[2] When Plaintiff filed her second Proof of Service through the Court's electronic case filing system, Docket No. 9, the ECF automatically calculated that Defendant's Answer would be due on September 18, 2006.  This time can be used by Defendant to further research the basis of Ms. Jackson's allegations.

[3] Regardless, Defendant has been on notice of Plaintiff's allegations of discrimination since Plaintiff's filing in the administrative process in or before 2004 and the subsequent EEOC hearing.

her suit. Counsel assure the Court that in the future there will be timely compliance with the Court's Orders.

**II. Plaintiff Consents to the Dismissal of Count III Of The Complaint.**

Plaintiff consents to the dismissal of Count III of the Complaint, which was brought pursuant to 42 U.S.C. § 1981.

## CONCLUSION

For all the reasons stated above, Plaintiff respectfully requests that this Court deny Defendant's Motion to Dismiss and allow this case to move forward to discovery. An appropriate Order accompanies this Opposition.

> Respectfully submitted,
>
> _____/s/_____
> ADRIAN V. NELSON, II
>   (Admitted Pro Hac Vice)
> THE ADAMS LAW CENTER
> 31 Wood Lane
> Rockville, MD 20850
> (301) 424-6601
>
> _____/s/_____
> JOSEPH D. GEBHARDT
>   (DC Bar No. 113894)
> GEBHARDT & ASSOCIATES, LLP
> 1101 17th Street, N.W.
> Suite 807
> Washington, DC 20036
> (202) 496-0400
> Local Counsel

July 24, 2006                     Attorneys for Plaintiffs

5

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing Plaintiff's Opposition to Defendant's Motion to Dismiss and proposed Order was served this 24th day of July 2006, via both facsimile and electronic case filing through the court, upon counsel for Defendant as follows:

>Alan Burch, Esq.
>Assistant United States Attorney
>U.S. Attorney's Office
>Judiciary Center Building
>555 4th Street, N.W.
>Washington, DC 20530
>Fax: (202) 514-8780

>_____/s/_____
>JOSEPH D. GEBHARDT