UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BETTYE L. JACKSON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MICHAEL CHERTOFF, )<br>Secretary, Department of Homeland Security, )<br>)<br>Defendant. )<br>) | Civil Action No.: 05-1780 (RMC) |

**DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

Defendant, Michael Chertoff, Secretary of the Department of Homeland Security, respectfully files this reply in support of his motion to dismiss. Plaintiff filed her Complaint on September 7, 2005, and failed to perfect service of process within 120 days thereafter per Rule 4(m). She also failed to perfect service within the 30 additional days provided by this Court's April 12, 2006, *sua sponte* Order. After both of these defaults, with a total delay of nearly six-months, Plaintiff perfected service on July 20, 2006, by serving the Department of Homeland Security. Plaintiff's complaint should be dismissed pursuant to Rule 12(b)(5) and Rule 41(b) because (1) Plaintiff has put nothing in the record that could constitute good cause for these defaults, (2) she is represented by two experienced counsel; (3) Plaintiff's inclusion of an obviously meritless cause of action created the need for Defendant to file a motion to dismiss anyway, and (4) these delays increase the risk that potential witnesses will be unavailable during the discovery period.

**ARGUMENT**

I.    **Plaintiff has Consented to Dismissal of Count III of the Complaint.**

As an initial matter, Plaintiff concedes, as she must, that dismissal of Count III of her Complaint, brought pursuant to 42 U.S.C. § 1981, is proper.  A claim under 42 U.S.C. § 1981 may not be brought against the United States Secret Service because the United States has not waived its sovereign immunity to be sued under that statute.  It bears noting that Plaintiff offered no explanation for her inclusion of Count III in her Complaint despite the obvious defect and that the defect resulted in the necessity of Defendant seeking dismissal of the Count.

II.    **The Facts of This Case Justify Dismissal for Plaintiff's Six-Month Delay of Service.**

Insufficiency of service of process under Rule 12(b)(5) incorporates the requirements of Rule 4(m) regarding timeliness of service.  Rule 4(m), in turn, requires perfection of service of process within 120 days of the plaintiff filing her complaint.  Fed. R. Civ. P. 4(m).  The plaintiff can avoid dismissal if the delay was due to good cause.  Id.  Case law in this Court, however, is divided as to whether judicial discretion is appropriate for a plaintiff exceeding the Rule 4(m) deadline in the absence of good cause.  Prior to the 1993 amendments to Rule 4, under the former Rule 4(j), judicial discretion did not extend beyond this good cause inquiry into the reasons for the delay.  Fed. R. Civ. P. 4(j) (1988) (superseded 1993).  The leading case interpreting the old Rule 4, Pellegrin v. Antoine, 961 F.2d 277, 283 (D.C. Cir. 1992), made explicit that judicial discretion was limited to an analysis of the reasons for the failure to effect service, rather than the severity of the consequences of dismissal.

At the same time, several judges in this Court have focused on the 1993 revisions to Rule 4 and read them as broadening judicial discretion to allow an extension of the time for service even in the absence of good cause.  See Henderson v. U.S., 116 S. Ct. 1638, 1643 (1996)

(explaining, in *dicta*, that "in 1993 amendments to the Rules, courts have been accorded discretion to enlarge the 120-day period 'even if there is no good cause shown.'") (quoting Notes of Advisory Committee on 1993 Amendments).  Many judges in this Court liberally employ this judicial discretion.  See, e.g., Wilson v. Prudential Fin., 332 F. Supp. 2d 83 (D.D.C. 2004) (dismissal inappropriate without a showing of prejudice to defendant despite the absence of good cause) (Urbina, J.).  Still other judges (and other district courts) employ less discretion either by interpreting Rule 4(m) as effectively identical to the former Rule 4(j) and so they make no inquiry beyond good cause, or they exercise their discretion with a factor analysis that is less likely to avoid dismissal in the absence of good cause shown.  See, e.g., Peltier v. Freeh, No. 02-0635, 2004 U.S. Dist. LEXIS 27147, at *6 (D.D.C. Mar. 26, 2004) ("Because the plaintiff has failed to show good cause . . . and because he has refused to comply with the Federal Rules of Civil Procedure, this action is hereby dismissed without prejudice.") (Leon, J.); Claasen v. Brown, No. 94-1018, 1996 U.S. Dist. LEXIS 1872 (D.D.C. Feb. 16, 1996) (judicial economy not a sufficient factor to prevent dismissal in the face of no good cause) (Kessler, J.); Briggs v. State Dep't. Fed. Credit Union, No. 05-1344, 2006 U.S. Dist. LEXIS 33406, at *14 (D.D.C. May 25, 2006) ("If service has not been effected within 120 days of the filing of the complaint, and plaintiff has failed to show good cause for the delay, a court may dismiss the complaint without prejudice.") (citing Pellegrin, 961 F.2d at 282) (Kessler, J.).

In this case, Plaintiff explains only that her delay in perfecting service arose from "regrettable oversight."  See Plf. Opp. at 3; see also id. At 2 ("regrettable neglect").  Under Pellegrin's consequences-are-irrelevant analysis, Plaintiff's case must be dismissed because, even at this late juncture, the record is devoid of any evidence that could possibly support a finding of good cause.  Indeed, what is notable about the record in this case is the sheer absence

of any mitigating details at all—not even a minimal explanation such as an unusually busy schedule, inexperienced support staff, or anything whatsoever.  Regrettable, understandable, and harsh though it may be, under Pellegrin, if this Court interprets Rule 4(m) as substantively identical to the former Rule 4(j), then Plaintiff's case must be dismissed for lack of good cause for the six-month delay.

If, on the other hand, the Court finds that Rule 4(m) affords judicial discretion to extend time for service in the absence of good cause, then the question becomes closer, but dismissal is still amply indicated.  Though the nature of judicial discretion does not provide for a single method of determining the appropriateness of dismissal, judges employing judicial discretion typically weigh a variety of factors in reaching their decisions.  Plaintiff cites selected factors utilized by this Court in extending the time for service in Johnson v. Ashcroft, No. 04-1158 (RMU), 2005 U.S. Dist. LEXIS 17961, at *11-12 (D.D.C. Aug. 17, 2005).  See Plf. Opp. at 3.  Additional factors that influenced this Court's discretion in Johnson include the plaintiff's lack of representation, and the fact that the plaintiff perfected service a few days after the Rule 4(m) deadline.  Id.  In addition to the overall balance of hardships that Plaintiff and Defendant face, this Court should also weigh whether the plaintiff has made diligent, good faith efforts to effect proper service.  See Shaw v. District of Columbia, 2006 U.S. Dist. LEXIS 29423, *27.

Unlike the *pro se* plaintiff in Johnson, Plaintiff here is represented by two attorneys who are experienced in federal court litigation and who should be familiar with Rule 4.  This Court has found failure to follow known procedure to be dispositive for dismissal.  See Briggs, 2006 U.S. Dist. LEXIS 33406, at *16 ("By serving the United States properly, and within the appropriate time period, Plaintiff demonstrated that he understood the Rule 4 procedures and was capable of following them.  In such circumstances, his failure to serve [the agency], or to offer an

explanation for such failure, is inexcusable."). In addition, this Court has already used judicial discretion to offer plaintiffs a second opportunity, after her initial default, to perfect service of process. Plaintiff has not exceeded the Rule 4(m) deadline by a few days, as did the plaintiff in Johnson. Rather, Plaintiff perfected service nearly six-months after the original 120 day deadline imposed by Rule 4(m) and over two months after the second opportunity afforded by this Court had expired. Plaintiff's efforts have been far from diligent.

Although Plaintiff is correct that Defendant was put on notice of the pending litigation on May 10, 2006, nearly 8 months after the complaint was initially filed, Plaintiff's other assertions—that Defendant suffered no harm from the delay, and that Plaintiff would be prejudiced by dismissal—demand qualification. It is true that Defendant has so far experienced no more than inconvenience from the six-month delay, but the potential for prejudice against Defendant exists because the delay has called into doubt the future availability of two witnesses. First, one of Plaintiff's co-workers, who is likely to be an important witness, may be unavailable for discovery because she is officially resigning October 31, 2006, and expects to be out of the country backpacking for 12 to 18 months thereafter. In the administrative litigation in this case, Plaintiff alleged that this co-worker was pre-selected for the position Plaintiff thought properly hers. Second, another potential witness and former co-worker to Plaintiff may become unavailable because she has recently taken retirement due to illness. In the administrative proceedings, this second co-worker offered indirect evidence arguably supportive of Plaintiff's claims. The delay in this litigation, caused by both the failure to serve properly and the inclusion of the meritless Section 1981 claim, does in fact create a risk of prejudice arising from unavailability of witnesses in discovery. Given the absence of good cause, these factors weigh in favor of dismissal.

It also bears emphasizing that the case law cited above (split as it is on the issue of discretion in the absence of good cause) deals with the question of whether to give the Plaintiff a second chance. Here, the issue is whether Plaintiff deserves a third chance. This Court has already given her a second chance, and did so without requiring a showing of good cause. Therefore, even if the Court were to adopt the more generous interpretation of Rule 4, that alone would not justify a third chance in the absence of good cause.

Certainly, Plaintiff is correct in her assertion that dismissal of the present action will preclude her from pursing any remedy against the United States Secret Service for whatever she might be entitled to under Title VII (because the statute of limitations will have run). Nevertheless, in the course of the present litigation Plaintiff has twice failed to meet service of process deadlines, has improperly served the United States Attorney with the summons for the Department of Homeland Security, and has created the need for a Motion to Dismiss by presenting a Section 1981 claim against the federal government. Although none of these errors in isolation demand dismissal, the parties are now ten months into the litigation with little to show in the way of progress and may also be facing the prospect of potential witnesses becoming unavailable. Thus, under the circumstances presented by the record in this case, Defendant contends that dismissal is proper.

## CONCLUSION

For the foregoing reasons, Plaintiff's case should be dismissed pursuant to Rules 12(b)(1), (5), and 41(b).

August 1, 2006                                  Respectfully submitted,

_____
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney


_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney


_____
ALAN BURCH, D.C. Bar # 470655
Assistant United States Attorney
555 4th St., N.W.
Washington, D.C. 20530
(202) 514-7204
alan.burch@usdoj.gov