UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| BETTYE L. JACKSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 05-1780 (RMC) |
| ) | |
| MICHAEL CHERTOFF, Secretary, ) | |
| Department of Homeland Security, ) | |
| ) | |
| Defendant. ) | |

### ORDER GRANTING MOTION TO DISMISS

Defendant Michael Chertoff, Secretary of the Department of Homeland Security, filed a motion to dismiss due to insufficiency of service of process under Federal Rule of Civil Procedure 12(b)(5). Defendant's motion is well-founded and will be granted.

Under Rule 4(m) of the Federal Rules of Civil Procedure, if the plaintiff has not served the defendant with a summons and a complaint within 120 days after the filing of the complaint, the Court may dismiss the action without prejudice. Plaintiff Bettye L. Jackson[1] filed her Complaint on September 7, 2005. After over 120 days had passed without service of process, on April 12, 2006, this Court ordered Ms. Jackson to complete service no later than May 10, 2006. Ms. Jackson did not perfect service until July 20, 2006, when she served the Department of Homeland Security.[2] Thus, she did not perfect service until over six months after the original 120-day deadline had expired and over two months after the additional time granted by the Court

---

[1] Plaintiff is represented by counsel in this action.

[2] On May 10, 2006, Plaintiff served the U.S. Attorney's Office and the Attorney General.

had expired.

Ms. Jackson has not demonstrated good cause for the extraordinary delay in service. She explains only that the delay arose from "regrettable oversight" and "regrettable neglect." Pl. Opp. to Def.'s Mot. to Dismiss ("Pl.'s Opp.") at 2-3. Further, Defendant has shown that it is potentially prejudiced by the delay in service because certain key witnesses may become unavailable:

> First, one of Plaintiff's co-workers, who is likely to be an important witness, may be unavailable for discovery because she is officially resigning October 31, 2006, and expects to be out of the country backpacking for 12 to 18 months thereafter. In the administrative litigation in this case, Plaintiff alleged that this co-worker was pre-selected for the position Plaintiff thought properly hers. Second, another potential witness and former co-worker to Plaintiff may become unavailable because she has recently taken retirement due to illness. In the administrative proceedings, this second co-worker offered direct evidence arguably supportive of Plaintiff's claims.

Def.'s Reply at 5. Due to the extreme delay in service, Ms. Jackson's failure to show good cause for the delay, and the potential prejudice to the Defendant, Defendant's motion to dismiss will be granted.

Accordingly, it is hereby

**ORDERED** that Defendant's motion to dismiss [Dkt. #8] is **GRANTED** and this case is dismissed without prejudice.

/s/
ROSEMARY M. COLLYER
United States District Judge

Date: August 29, 2006